[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff board of education of the city of Hartford appeals the decision of the defendant freedom of information commission requiring the board to disclose the names and addresses of parents of Hartford school children to the public. The commission acted pursuant to the state's Freedom of Information Act, specifically General Statutes § 1-19. The board appeals pursuant to § 4-183. The court finds in favor of the plaintiff board.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. In August 1995, defendant Renae Reese, acting in behalf of an organization called Citizens for Better Schools, wrote the plaintiff board asking for "The names, addresses and phone numbers of the parents of all students in the Hartford Public School System." The board promptly denied the request on the basis that the disclosure was prohibited by General Statutes § 1-19 (b)(11) and by the federal Family Educational Rights and Privacy Act of 1974, specifically 20 U.S.C. § 1232g. Reese thereupon filed a complaint with the commission.
The commission held a hearing before a commissioner hearing CT Page 591 officer, who issued a proposed decision. Thereafter, the commission rendered a final decision holding that the board's refusal to disclose the requested records constituted a violation of § 1-19 (a). The commission held that the exception in § 1-19 (b)(11) to the general requirement of disclosure of public records applies only to the names and addresses of students and does not apply to such information relating to the students' parents. The commission also held that the federal statute does not prohibit the disclosure of the parents' names and addresses so as to exempt the records under § 1-19 (a). The commission noted that the federal statute makes nondisclosure of the information a condition of the grant of federal education funds to the state, but it reasoned that the potential loss of such federal funding is not a legal bar to the disclosure of the records by the board.
In its appeal, the plaintiff board disputes both of the basic conclusions of the commission, as summarized above. The court disagrees with the board regarding the effect of the federal statute, but agrees with the board regarding the exemption provided by § 1-19 (b)(11).
General Statutes § 1-19 (a) generally requires the disclosure of public records "(e)xcept as otherwise provided by any federal law or state statute." The federal statute applicable in this case provides, in pertinent part, as follows:
 No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of educational records . . . of students without the written consent of their parents to any individual, agency or organization. 20 U.S.C. § 1232g(b)(1).
In Maher v. Freedom of Information Commission, 192 Conn. 310
(1984), the Supreme Court considered the effect of a similar restriction in the federal Title XIX Medicaid statutes, which prohibit the grant of funds to states that fail to protect the identity of Medicaid recipients. The court held that "(nothing) in the federal regulatory scheme per se prevents a state legislature from enacting binding legislation, as part of its Freedom of Information Act or elsewhere, that is inconsistent with Medicaid safeguards. The consequence of such legislative action would be to deprive the state of the benefit of federal CT Page 592 Medicaid moneys. While the (state department of income maintenance) might well deplore such a result, it would have no standing to contest it. Federal law thus provides no direct defense to the disclosures that the FOIC has directed."
In the present case, assuming for the sake of the board's argument that the federal statute applies to the records of the parents' names and addresses, the consequence of releasing those records would be to deprive the board of vitally needed federal funds. But the plain meaning of our Supreme Court's decision in Maher is that even such a drastic result does not amount to a federal statutory exception to the § 1-19 (a) obligation to disclose the records. The board's argument that federal law exempts the parents' records from the requirements of the state's freedom of information statutes may not, therefore, be sustained.
As in Maher, the key issue is whether the state statute, in this case § 1-19 (b)(11), exempts the records in question from public disclosure under the prefatory clause of § 1-19
(a). The court holds that it does.
In Maher, supra, 192 Conn. 310, the Supreme Court held that a state statute, § 17-83 (b), protecting the identity of Medicaid recipients, would be violated by the disclosure of certain records pertaining to those recipients, even if the records were redacted to mask the recipients' names. The records in question revealed the names of doctors prescribing medication for the recipients, the kind of medications and the names of the pharmacies filling the prescriptions. The court noted that for recipients who live in a rural area served by a limited number of doctors and a single pharmacy, the release of the medication information, even redacted, would "create(s) a risk of indirect disclosure of their identity." Therefore, the court held, the commission order requiring disclosure of the information was improper.
In the present case, the statute in question, § 1-19
(b)(11), provides that the Freedom of Information Act does not require the disclosure of
 names or addresses of students enrolled in any public school or college without the consent of each student whose name or address is to be disclosed who is eighteen years of age or older and a parent or guardian of each such CT Page 593 student who is younger than eighteen years of age. . . . (Emphasis added.)
The board argues that the disclosure of the names, addresses and telephone numbers of the parents of the students would indirectly but inevitably lead to the disclosure of the prohibited student information in the majority of cases. That seems self evident.
The court notes particularly that the statute employs the disjunctive "or" in prohibiting the release of either the student's name or address. Although some students do not live with their parents or guardians and some do not have the same name, it requires no stretch of imagination to see that the disclosure of the names and addresses of parents will more often than not reveal at least the surnames and the addresses of their children. Indeed, the potential disclosure of the prohibited information here is far more likely than in the somewhat strained scenario envisioned by the court in Maher. In this case, revelation of the students' names or their addresses, or both, would be virtually a natural consequence of the disclosure of their parents' names and addresses. The conclusion is inescapable that § 1-19 (b)(11) prohibits the release of the parents' names and addresses because that would lead to the identification of the students and/or their addresses. The commission's order may not, therefore, be affirmed.
The commission, anticipating a possible adverse decision, contends that if consent is required, the court should order the board to inquire of each student or parent/guardian whether he or she consents and then furnish the information, where consent is obtained, to complainant/defendant Reese. The short answer to this contention is that the statute simply does not impose any such obligation on the board. Compare the elaborate procedure set forth in General Statutes § 1-20a, which requires a public agency to solicit the response of an employee when someone has requested to inspect the employee's personnel record. The legislature could easily have established a similar procedure for obtaining student or parental consent under § 1-19 (b)(11), but it did not do so. The court concludes, therefore, that the legislature did not intend to impose such a requirement on boards of education in responding to requests for information about their students.
For all of the above reasons, the appeal of the board is CT Page 594 sustained.
MALONEY, J.